# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-196(2) (DWF/KMM) |
| Plaintiff, | Civil No. 20-555 (DWF) |
| v. | **MEMORANDUM** |
| Howard Lee Young, | **OPINION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant-Petitioner Howard Lee Young's ("Defendant") *pro se* Motion under 28 U.S.C. § 2255 to vacate, set-aside, or correct his sentence (Doc. No. 120) and Motion for Appointment of Counsel (Doc. No. 123). The Government opposes the motions. For the reasons set forth below, the Court respectfully denies Defendant's motions.

## BACKGROUND

On August 15, 2018, Defendant, along with two other individuals, was charged with a single count of conspiring to distribute 100 grams or more of heroin from as early as October 2017 to on or about July 15, 2018. (Doc. No. 10.) Defendant pled guilty to that count on February 14, 2019. (Doc. No. 60 ("Plea Agreement").) The Plea Agreement reads in part:

    1.    **Charges.**  Defendant agrees to plead guilty to Count 1 of the Indictment, which charges Defendant with conspiracy to distribute 100 grams or more of a mixture and substance containing heroin, a

controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and 846.

(Plea Agreement ¶ 1.) As part of the Plea Agreement, Defendant agreed that he had distributed between 100 and 400 grams of heroin as part of a conspiracy, including selling heroin to individuals working at the direction of law enforcement as part of a series of controlled buys, and that the heroin included 49.702 grams of fentanyl and 167.66 grams of fentanyl analogue. (Plea Agreement ¶ 2; Doc. No. 91 (Revised Presentence Investigation Report ("PSR")) ¶ 16.)

The PSR lays out Defendant's conduct, namely that he worked primarily with a co-defendant to distribute heroin. The two were involved in a number of controlled buys and were intercepted on a wiretap discussing drug transactions and firearms. The PSR counted only the drugs where Defendant was directly involved in the controlled buys because the inclusion of additional drugs would not impact the base offense level. (PSR ¶ 37.)

Defendant's base offense level was 30, and his adjusted offense level was 31 after enhancements for possession of a gun and maintaining a premises, as well as a reduction for acceptance of responsibility, were applied. Defendant was in criminal history category III, and his resulting Guideline range was 135 to 168 months' imprisonment. On May 24, 2019, the Court sentenced Defendant to 90 months. (Doc. No. 97.)

Defendant filed the present petition for post-conviction relief pursuant to 28 U.S.C. § 2255. He asserts that (1) the government constructively amended Count I of the Indictment because he was charged with conspiracy to distribute heroin and pled

guilty to possession with intent to distribute heroin; and (2) his counsel was ineffective for allowing him to plead guilty to a charge not in the Indictment. The Court addresses Defendant's petition below.

## DISCUSSION

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." In making such a motion, a § 2255 action requires a prisoner to show that he or she is entitled to such extraordinary relief because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

28 U.S.C. § 2255(a). If the court finds such a defect in sentencing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

A § 2255 request for relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). As discussed below, Defendant's claims do not describe any fundamental constitutional, jurisdictional, or other severe defect in his sentence.

Defendant first argues that, on advice of counsel, he pled guilty to possession with intent to distribute 100 grams or more of heroin when he was charged with conspiracy to

distribute the same. (Doc. No. 121 at 2.) However, as the record makes clear, Defendant did indeed plead guilty to conspiracy to distribute 100 grams or more of heroin. (*See* Plea Agreement.) Defendant's assertion that he pled guilty to possession with intent relies on a draft plea agreement that misstated the charge, but which was corrected in the final version. (*See id*.) In addition, to the extent that Defendant argues that he cannot be held accountable for other controlled substances contained in the heroin (fentanyl or fentanyl analogue) because he pled guilty to the sale of heroin, he is incorrect. The Sentencing Guidelines specifically provide for the conversion of drug weights in such a case.

The Court concludes that the basis for Defendant's present motion is unsupported and lacks merit. The government did not constructively amend Count I of the Indictment and Defendant's counsel could not have been ineffective for allowing him to plead guilty to a charge not in the Indictment.

**EVIDENTIARY HEARING**

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Defendant's claims. A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). No hearing is necessary when the record is clear. *Latorre v. United States*, 193 F.3d 1035,

1038 (8th Cir. 1999). Applying this standard to the Defendant's claims and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

Defendant also moves for appointment of counsel. (Doc. No. 123.) In his motion, he argues that because an evidentiary motion will be required and he is unable to obtain counsel, one should be appointed. However, as discussed above, no evidentiary hearing is required. Accordingly, Defendant's motion for appointment of counsel is denied.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882 83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire procedural history and record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

# ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Howard Lee Young's Motion to Vacate and Correct his Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. [120]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Defendant.

4. Defendant's Motion for Appointment of Counsel (Doc. No. [123]) is **DENIED**.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: May 19, 2020          s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge